No. 23.—ROBERT H. GREEN, ex'r, &c. plaintiff in error, *vs.* PE-
TER McLAREN, defendant.

[1.] A defendant in Equity is not required to answer at the term to which the
bill is returned. The words, *next Court*, in the Act of 1799, construed to
mean the next Court after that to which the bill is returned.

In Equity, in Muscogee Superior Court, May Term, 1849.

A bill in Equity was filed by the plaintiff in error against the
defendant in error, the charges of which are not necessary to be
stated.

At the first term to which the bill was returnable, the counsel
for complainant having made it appear to the Court, that the bill
had been served more than thirty days before the Court, and the
subpœna issued more than thirty days, returnable to this term,
and that the defendant did not appear, plead, answer or submit
any motion in said cause, moved the Court for leave to enter a de-
cree "*pro confesso.*" The Court overruled the motion, and com-
plainant excepted.

The complainant then moved the Court for an attachment
against the defendant to compel an answer. The Court overrul-
ed the motion, and defendant excepted.

JAS. JOHNSON, for plaintiff in error.

BENNING, representing H. HOLT, was stopped by the Court.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The question here is, whether a party defendant, the bill be-
ing duly served thirty days before the Court, is compelled to an-
swer at the term to which it is returned. The complainant moved,
in the Court below, at the first term, the defendant failing to ap-
pear, plead, answer or make any motion to the Court, to take his
bill, *pro confesso*, and the Court refusing his motion, he then moved
for an attachment to compel the defendant to answer, which mo-
tion the Court also refused. To both of which decisions he except-
ed. The question depends upon a construction of the Act of 1799.

That Act provides, that proceedings in Equity shall be by bill, and such other proceedings as are usual in such cases, until the setting down of the cause for trial, and that the Courts shall order the proceedings in such manner as that the same shall be ready for trial, at the farthest, at the third term from the filing of such bill inclusive, unless very special cause be shown to induce the Court to continue the same, which shall not extend to more than four terms, and that all bills shall be read, &c. "and a copy thereof served on the opposite party at least thirty days before the filing of such bill in Court; and the party against whom such bill *shall be filed, shall appear and answer to the same at the next Court,* and if he or she or they shall fail to do so, the facts in said bill shall be taken, *pro confesso,* and th; Court may proceed as to justice shall appertain." *Prince,* 447.

Upon failure to *appear and answer,* the bill is to be taken *pro confesso.    When* is the defendant to appear and answer ? He is required to appear and answer *at the next Court* after the filing of the bill.    The inquiry is, whether the *next Court* is the first or second term ? and that depends upon the time *when a bill is filed.* It is contended that it is filed when the copy and subpœna is served, and, therefore, the *next term,* referred to in the Statute, is the first term after the service.    The inquiry is pertinently put, why give thirty days' notice before the first term, if, at that term, nothing is required of him ?    The thirty days are given, it is said, that the defendant may get ready for trial—prepare his answer.    It is also argued, that the time allowed is quite long enough, particularly as the defendant is put in possession of the whole case by the copy which is served on him.    This reasoning, however, is not strong enough to prevail against the received construction.    What is meant by the passage, *filing the bill,* under this Statute, may be ascertained by the connection in which it is used in this passage, to wit : " and a copy thereof served on the opposite party at least thirty days *before the filing of such bill in Court.*"    It seems that the bill must be filed *in Court,* at a term that is, and that the service must be thirty days *before* that is done. This seems to indicate that the filing of the bill is the return of the original bill at Court, into the office of the Court, with the Sheriff's entry thereon.    This passage clearly negatives the construction of the plaintiff in error, for the service cannot be the filing, since the service is *before* the filing.    The word *next,* im-

Green *vs.* McLaren.

ports something which has preceded it. *Next Court*, implies a precedent Court, and if so, the *next* Court is the second Court. That the answering term is the second term, is implied also in this, that three terms are given to prepare the pleadings for trial. The Court is directed so to order the proceedings as that the cause shall be ready for trial, at the farthest, at the third term from the filing of the bill inclusive. The word *inclusive* is awkwardly connected, but the passage obviously means three terms, including the term at which the bill is filed. The idea of the Legislature was to give one term (the first) for appearance, *one* to answer, and the third for trial. Such has been the construction put upon the Act of 1799, since its passage—if not so long, certainly for many years. Whether the answering term be the first or second term, the rule of Court appears to conflict with the Statute. If the defendant is required by the Act to answer at the first term, then the rule enlarges the time—if, at the second term, then the rule restricts it. The rule of Court, called the usual rule, is taken at the first term, and is that the defendant plead, answer and demur, not demurring alone, within four months. We are not convinced at all, that the construction given for so long a time to the Act, is wrong. I think it right. If we thought it was wrong, we would scarcely be willing to interfere with a practice almost coeval with the Act. Thinking, then, that by law a defendant is not required to answer at the first term, the complainant was not entitled to either of his motions. Nor do we think it advisable that the usual rule should be altered. The practice under it is convenient, and has been acquiesced in for many years. If any alteration is desirable, either in the law or the practice, the Legislature will no doubt make it.

Let the judgment below be affirmed.